

NUMBER 13-08-00290-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

### EX PARTE:  KITAKA LAUDERDALE

---

**On appeal from the 370th District Court  of Hidalgo County, Texas.**

---

# MEMORANDUM OPINION

### Before Justices Yañez, Rodriguez, and Benavides
### Memorandum Opinion Per Curiam

Appellant, Kitaka Lauderdale, filed an application for writ of habeas corpus in the trial court to contest an extradition proceeding initiated by the Governor for the State of Arkansas.  Appellant attempts to appeal the order denying the writ of habeas corpus.  The trial court's certification of the defendant's right to appeal does not contain the defendant's signature.  *See* TEX. R. APP. P. 25.2(d).

The Clerk of this Court notified appellant of the necessity of a signed trial court certification in four letters.  On several occasions appointed counsel sent appellant a trial

court certification for signature, notifying appellant that failure to complete the form could result in the appeal being dismissed. No signed certification was received. On February 5, 2009, the Court abated this case and remanded to the trial court to remedy the defect in the certification by preparing and filing a "Trial Court's Certification of Defendant's Right of Appeal" which included the defendant's signature. At the abatement hearing it was determined that appellant submitted himself to the jurisdiction of the Arkansas trial court, the Arkansas trial court sentenced appellant, and appellant is currently serving his time. On February 27, 2009, counsel filed a letter brief with this Court stating this appeal is now moot.

The Texas Rules of Appellate Procedure require the trial court to enter a certification of the defendant's right of appeal in every case in which it enters a judgment of guilt or other appealable order. *See id.* 25.2(a)(2). The certification must include a notice that the defendant has been informed of his rights concerning an appeal, as well as any right to file a pro se petition for discretionary review. *See id.* 25.2(d). The certification must be signed by the defendant and a copy must be given to him. *See id.* 25.2(d). The appeal must be dismissed if a certification that shows the defendant has the right of appeal has not been made part of the record under these rules. *See id.* 25.2(d).

Appellant's notice of appeal included an unsigned and undated trial court certification form. This Court repeatedly notified appellant that a signed trial court certification had not been filed and requested that appellant file a signed trial court certification. As of this date, appellant has not filed an amended trial court certification and appellant's counsel indicates the appeal is moot. The Texas Rules of Appellate Procedure provide that an appeal must be dismissed if the trial court's certification does not show that

2

the defendant has the right of appeal.  TEX. R. APP. P. 25.2(d); *see* TEX. R. APP. P. 37.1, 44.3, 44.4. Accordingly, this appeal is DISMISSED.  Any pending motions are denied as moot.

PER CURIAM

Do not publish.
*See* TEX. R. APP. P. 47.2(b).

Memorandum Opinion delivered and
filed this the 26th day of March, 2009.